87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl PORTER, dba Federal Fugitive Apprehension; John
Dallas, dba Federal Fugitive Apprehension; Daniel
Howley; Mrs. Carl Porter, Plaintiffs-Appellants,
v.
CITY OF BURBANK; Jerome H. Gibbons, Officer; Dennis A.
Fischer, Officer; David Newsham, Chief of Police;
Robert Heins, Captain; Joseph
Fletcher, City Attorney,
Defendants-Appellees.
 No. 94-56718.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1996.*
Decided June 13, 1996.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Porter, John Dallas and Maria Porter appeal from the district court summary judgment in favor of Officer Gibbons, Officer Fischer and the City of Burbank in a 42 U.S.C. § 1983 civil rights action. We affirm.
 
 Factual and Procedural Background
 
 3
 Porter and Dallas own the Federal Fugitive Apprehension Company. On April 27, 1992, Porter and his employee Daniel Howley notified the Burbank Police Department that they were making a bail arrest of Jorge Bedoya, a fugitive. Porter and Howley then surveyed Bedoya's residence for about seven hours, intending to arrest Bedoya when he left the residence.
 
 
 4
 While investigating a report of a suspicious vehicle in Porter's vicinity, Officer Gibbons approached Porter's car. Porter told Officer Gibbons that he had notified the Burbank Police Department that he was a bail recovery agent on a stakeout, that he was armed, and that he was entitled to carry loaded firearms without a permit pursuant to California Penal Code § 12031(k). Porter showed Officer Gibbons the bail bond form and some activity sheets. Officer Gibbons called the station, which told him to bring Porter in as there was no record of the notification. Officer Gibbons removed a handgun from Porter's shoulder holster and seized two loaded shotguns and several rounds of ammunition from Porter's car. At the station Deputy Chief Heins told Porter that he would not have been arrested had his notification not been misplaced.
 
 
 5
 Porter was prosecuted for carrying a loaded firearm under § 12031, and carrying a concealed weapon within a vehicle or on a person under § 12025(b). He was found not guilty.
 
 
 6
 Porter, Dallas, Howley and Maria Porter filed a 42 U.S.C. § 1983 civil rights complaint on April 27, 1993. Appellees filed a motion for summary judgment on October 4, 1994, which the district court granted on November 1, 1994. Appellants timely appeal.
 
 Analysis
 
 7
 I. The officers enjoy qualified immunity.
 
 
 8
 The defense of qualified immunity protects "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To be "clearly established," the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).
 
 
 9
 The right allegedly violated is the right of a bounty hunter to carry a loaded firearm while surveilling a fugitive's residence. California Penal Code § 12031(k) states: "Nothing in this section is intended to preclude the carrying of a loaded firearm by any person while engaged in the act of making or attempting to make a lawful arrest." At issue is whether surveilling a fugitive's residence constitutes "attempting to make a lawful arrest."
 
 
 10
 At the time of Porter's arrest, this issue was not clearly established. The only cases interpreting § 12031(k) dealt with bounty hunters in hot pursuit of a fugitive. See, e.g., People v. Piorkowski, 115 Cal.Rptr. 830, 835 (Ct.App.1974) (holding that § 12031(k), previously codified as § 12031(i), does not authorize defendant to negligently brandish a weapon in arresting a boy who had stolen a wallet); People v. Walker, 108 Cal.Rptr. 548, 554 (Ct.App.1973) (noting that defendant would have the right to carry a firearm if he had the right to arrest a person who had just committed a burglary). No cases had decided whether surveilling a fugitive's residence constituted an attempt to arrest. For example, the attempt to arrest might not begin until the fugitive exists his residence. Without any case deciding this issue, we cannot say that the parameters of § 12031(k) were "clearly established."
 
 
 11
 Porter's criminal acquittal is not preclusive, because his criminal trial involved a different issue. The issue in the criminal trial was whether Porter's actions fit within the § 12031(k) exception. Here, the issue is whether the law was clearly established that Porter's actions fit within the § 12031(k) exception. The judge in the criminal trial had no reason to reach the latter issue.
 
 
 12
 II. The appeal is not frivolous.
 
 
 13
 Defendants contend that this appeal is frivolous and request double costs and attorney's fees pursuant to Fed.R.App.P. 38. An appeal is frivolous only when the result is obvious or the appellant's arguments of error are wholly without merit. Harris v. Alumax Mill Prods., Inc., 897 F.2d 400, 405 (9th Cir.), cert. denied, 498 U.S. 835 (1990). Since Porter's argument that § 12031(k) grants him the right to carry a firearm is not frivolous, sanctions are not warranted.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3